IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JACKELINE H. CABRERA-CORDOVA<br>Plaintiff<br>vs<br>VIGILANTES, INC.<br>Defendant | CIVIL 08-1831CCC |

## OPINION AND ORDER

This action, filed pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq, as well as various Puerto Rico anti-discrimination and labor statutes, arises from allegations of sex and pregnancy discrimination and retaliation for protected activity by Jackeline H. Cabrera-Córdova against her former employer, defendant Vigilantes, Inc., a security company. The case is now before us on Vigilantes' Motion for Summary Judgment and Supplemental Motion **(docket entries 16 and 18)**, which plaintiff opposed (docket entry 22) and defendant replied (docket entry 45).

Plaintiff avers that she began working for Vigilantes on September 27, 2004 as a security guard assigned to the Puerto Rico Telephone Company (PRTC) building in San Juan. She states that in early September 2005 she notified her supervisor that she was pregnant. Cabrera-Córdova claims that immediately thereafter, defendant began a harassment campaign and discrimination against her because of her sex and her pregnancy, which eventually resulted in her discharge. Vigilantes contends that plaintiff's work absences on January 12, 13, and 17, 2006 and her abandonment of her post on February 1, 2006 are legitimate reasons that resulted in its decision to discharge her.

## I. Summary Judgment Standard

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is

CIVIL 08-1831CCC                                              2

entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Sands v. Ridefilm Corp., 212 F.3d. 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina Vargas, 168 F.3d. 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala, 124 F.3d. 298, 306 (1st Cir. 1997). The nonmoving party must establish the existence of at least one relevant and material fact in dispute to defeat such a motion. Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989). The purpose of a summary judgment motion is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791, 794 (1st Cir. 1992).

The Court must look at the record in the light most favorable to the non-moving party. However, the Court need not rely on unsubstantiated allegations. Rather, the non-moving party may only overcome the motion with evidence sufficient to raise a genuine issue of fact that is both relevant and material. See, Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986). That is, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion [...]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

On issues where the nonmovant bears the ultimate burden of proof at trial, he may not defeat a motion for summary judgment by relying on evidence that is "merely colorable" or "not significantly probative." Rather, the nonmovant must present definite, competent evidence to rebut the motion. Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993), citing Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st. Cir. 1991). Summary judgment is appropriate even when elusive concepts like motive or intent are in play if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation. Feliciano v. El Conquistador, 218 F.3d 1 (1st Cir. 2000); Medina Muñoz v. R.J. Reynold Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

CIVIL 08-1831CCC                                3

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial." [A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir.1995). Therefore, the nonmoving party's failure to advance evidence establishing the essential elements of the cause of action, and for which they have the burden of proof, warrants the dismissal of the case through summary judgment. Celotex v. Catrett, 477 U.S. 37 (1986).

To defeat a motion for summary judgment, evidence offered by non-movant "must be significantly probative of specific facts." Prescott v. Higgins, 538 F.3d. 32, 40(1st Cir. 2008); Pérez v. Volvo Car Corp, 247 F.3d. 303, 317 (1st Cir. 2001). We may ignore "conclusory allegations, improbable inferences and unsupported speculation. Prescott, at 40. A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation.

## II. Analysis

The evidence submitted by the parties demonstrates that there are genuine issues of material fact which preclude summary judgment on the issue of discrimination based on gender and pregnancy.

With regard to retaliation for protected conduct as a motive for the discharge, however, Cabrera-Córdova's deposition testimony belies any such claim:

> Q. You also allege in the complaint that it was for retaliation. What retaliation?
>
> A. The treatment that they were giving me.

CIVIL 08-1831CCC                                  4

> Q. The treatment?
>
> A. Yes. They were treating me badly.
>
> Q. Carlos Santiago's treatment?
>
> A. Yes.
>
> Q. Anyone else?
>
> A. No.
>
> Q. Only Carlos Santiago?
>
> A. Yes, it was the treatment that he gave me.
>
> Q. At any time did you present a complaint or something formal at the company?
>
> A. No.
>
> Q. At any time, did you complain to anyone at the company?
>
> A. No.
>
> Q. When did you go to the Department of Labor and Human Resources to complain, to present a complaint, after the dismissal?
>
> A. Yes.
>
> Q. Not before?
>
> A. No.
>
> Q. Do you know what the Equal Opportunity in Employment Office is?
>
> A. No.
>
> Q. The only complaint related to your employment that you presented to any government agency was with the Labor Department?
>
> A. Yes.
>
> Q. And that was after you were dismissed?

CIVIL 08-1831CCC                                     5

> A. Yes.
>
> Q. You did not do it before?
>
> A. No.
>
> Q. And you never complained internally?
>
> A. No.
>
> Q. To no one?
>
> A. No.
>
> Q. Not even to Carlos Santiago?
>
> A. For what?
>
> Q. Of a complaint that you had.
>
> A. Yes, I complained to him all the time.
>
> Q. What did you tell him?
>
> A. Well, to stop treating me like that; that why did he treat me like that.
>
> Q. And what did he say?
>
> A. Well, nothing, he did not answer anything.  He was always treating me like that.
>
> Q. In addition to Carlos, did you complain to anyone else?
>
> A. No.
>
> Q. Did you tell Carmen Avilés?
>
> A. No, I did not talk to her.
>
> Q. Did you call any other co-worker?
>
> A. No, I did not talk to any of them.
>
> Q. With no one, you do remember that, absolutely no one.
>
> A. No, I do not remember if I made any comment, but I think that there was no one.  I do not remember.

CIVIL 08-1831CCC                              6

Plaintiff's deposition, pp. 79-82.

When questioned about who made the decision to discharge her, Id., at pp.68-69, plaintiff responded that it was General Manager José Senquiz. She did not know for sure, but the dismissal letter was signed by him. Plaintiff's admission that she told no one at Vigilantes about Santiago's comments, nor filed any kind of complaint with the company or with the Labor Department, until after she was dismissed, negates any claim of retaliation.

For the above-stated reasons, Vigilantes' Motion for Summary Judgment and Supplemental Motion **(docket entries 16 and 18)** are Granted in Part and Denied in Part. The Motions are GRANTED as to the retaliation claim, and DENIED as to the remaining claims.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2010.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge